USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/17/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x

UNITED STATES OF AMERICA,

        Plaintiff,

  - v. -

$6,637,076.23 IN UNITED STATES CURRENCY FUNDS PREVIOUSLY ON DEPOSIT AT GOLDWATER BANK IN SCOTTSDALE, ARIZONA, IN ACCOUNT NUMBER 160201, HELD IN THE NAME OF ALLIED WALLET, INC., AND ALL PROPERTY TRACEABLE THERETO,

$950,000 IN UNITED STATES CURRENCY FUNDS PREVIOUSLY ON DEPOSIT AT GOLDWATER BANK IN SCOTTSDALE, ARIZONA, IN ACCOUNT NUMBER 160200, HELD IN THE NAME OF ALLIED WALLET, INC., AND ALL PROPERTY TRACEABLE THERETO,

$1,232,540.19 IN UNITED STATES CURRENCY FUNDS PREVIOUSLY ON DEPOSIT AT ALLIANCE BANK OF ARIZONA, IN ACCOUNT NUMBER 8010200536, HELD IN THE NAME OF ALLIED SYSTEMS, INC., AND ALL PROPERTY TRACEABLE THERETO,

$1,005,213.30 IN UNITED STATES CURRENCY FUNDS PREVIOUSLY ON DEPOSIT AT ALLIANCE BANK OF ARIZONA, IN ACCOUNT NUMBER 7091051040, HELD IN THE NAME OF ALLIED SYSTEMS, INC., AND ALL PROPERTY TRACEABLE THERETO,

$2,840,227.59 IN UNITED STATES CURRENCY FUNDS PREVIOUSLY ON DEPOSIT AT CITIBANK, NA, IN ACCOUNT NUMBER 201831195, HELD IN THE NAME OF ALLIED WALLET, INC., AND ALL PROPERTY TRACEABLE THERETO,

**STIPULATION AND ORDER OF SETTLEMENT**

10 Civ. 6169 (VM)

| | |
|---|---|
| $362,631.59 IN UNITED STATES CURRENCY FUNDS PREVIOUSLY ON DEPOSIT AT CITIBANK, NA, IN ACCOUNT NUMBER 40022557694, AND ALL PROPERTY TRACEABLE THERETO, | : : : : |
| $301,066.83 IN UNITED STATES CURRENCY FUNDS PREVIOUSLY ON DEPOSIT AT CITIBANK, NA, IN ACCOUNT NUMBER 40048654822, AND ALL PROPERTY TRACEABLE THERETO, | : : : : |
| $6,493.18 IN UNITED STATES CURRENCY FUNDS PREVIOUSLY ON DEPOSIT AT CITIBANK, NA, IN ACCOUNT NUMBER 40050749247, AND ALL PROPERTY TRACEABLE THERETO, | : : : : |
| Defendants *in rem*. | : |

------------------------------------ x

WHEREAS, on August 17, 2010, the United States of America filed a Verified Complaint against the above-captioned Defendants *in rem*, (a) under Title 18, United States Code, Sections 981(a)(1)(A) and 984 as property involved in actual or attempted money laundering transactions in violation of Title 18, United States Code, Section 1956(a)(2)(A), or as property traceable to such property, (b) under Title 18, United States Code, Sections 981(a)(1)(C) and 984 as property that constitutes or is derived from proceeds traceable to the operation of an illegal gambling business, in violation of Title 18, United States Code, Section 1955 and the illegal transmission of gambling information, in violation of Title 18, United States Code, Section 1084, and (c) under Title 18, United States Code, Section 1955(d), as property used in violation of Title 18, United States Code, Sections 1955(a) or as property traceable to such property;

2

WHEREAS, the only persons or entities known by the Government to have an interest in the Defendants *in rem* are Allied Wallet, Inc., Allied Systems, Inc., and Ahmad Khawaja (the "Interested Parties");

WHEREAS, Allied Wallet, Inc. and Allied Systems, Inc. assert that some portion of the funds identified in the Verified Complaint as seized from accounts held in the name of Allied Wallet, Inc. and Allied Systems, Inc. are owed to clients, including clients of Global Money Card, who were not involved in the conduct alleged to be unlawful in the Verified Complaint;

WHEREAS, the Government asserts that the portion of the funds identified in the Verified Complaint as seized from accounts held in the name of Allied Wallet, Inc. and Allied Systems, Inc. that represent funds that Allied Wallet, Inc. and Allied Systems, Inc. owe to clients who were not involved in the conduct alleged to be unlawful in the Verified Complaint is less than $2,510,000;

WHEREAS, the United States of America and the Interested Parties wish to resolve this forfeiture matter without resort to litigation; therefore

IT IS HEREBY STIPULATED, ORDERED AND AGREED, by and between Plaintiff United States of America, through its attorney Preet Bharara, by Assistant United States Attorney Jeffrey Alberts, and the Interested Parties (collectively, the "Parties"):

1. The Interested Parties represent that they are the sole owners of the Defendants *in rem*, and agree to hold harmless the United States and any and all of its agents and employees (including, without limitation, the Federal Bureau of Investigation (the "FBI") and the United States Attorney's Office for the Southern District of New York) from any and all third-

3

party claims in connection with or arising out of the United States' seizure, restraint, and/or constructive possession of the Defendants *in rem*.

2. $2,510,000 of funds seized from account number 201831195, held at Citibank, NA, in account number 201831195 in the name of Allied Wallet, Inc., shall be returned to the Interested Parties through a wire transfer by the United States Marshals Service to the following account:

> Company: Allied Wallet Inc.
> Bank: Wells Fargo Bank
> Account Number: 3112172600
> Routing Number: 122000247.

3. The Parties agree that the Defendants *in rem*, shall be forfeited to the United States, for disposition according to law, pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), 984, and 1955(d), without the Interested Parties admitting any liability thereunder. The Parties further agree that the funds referred to in paragraph 2 above are nor part of the Defendants in Rem and shall not be forfeited to the United States in this action.

4. Allied Wallet, Inc. and Allied Systems, Inc. have the sole responsibility for refunding money to their clients consistent with their legal obligations. They will endeavor to deal appropriately with clients who were not involved in the conduct alleged to be unlawful in the Verified Complaint in a fair and equitable manner;

5. The Interested Parties are hereby barred from asserting any claim against the United States or any of its agents and employees (including, without limitation, the FBI and the United States Attorney's Office for the Southern District of New York) in connection with or arising out of the United States' seizure, restraint, and/or constructive possession of the

Defendants *in rem*, including, without limitation, any claim that the United States did not have probable cause to seize and/or forfeit the Defendants *in rem*, that United States currency in addition to the Defendants *in rem* were taken, that the Interested Parties are prevailing parties or that the Interested Parties are entitled to attorney's fees or any award of interest.

6.   The Interested Parties agree not to take any action, and are hereby barred from, asserting claims to the Defendants *in rem* and/or petitions for remission relating to the Defendants *in rem*. Furthermore, the Interested Parties hereby waive all rights to appeal or to otherwise challenge or contest the validity of this Stipulation and Order.

7.   This Stipulation and Order shall in no way be deemed an admission of culpability, liability, or guilt on behalf of the Interested Parties, or of the plaintiff United States or any of their respective agents, officers or employees, past and present. Further, this Stipulation and Order shall in no way constitute any reflection upon the merits of the claims and defenses asserted respectively by the United States and the Interested Parties.

8.   Each party shall bear its own costs and attorney's fees.

9. This Stipulation and Order may be executed in counterparts, each of which shall constitute an original as against the party whose signature appears on it. All executed counterparts shall be deemed to be one and the same instrument. This Stipulation and Order shall become binding when one or more counterparts, individually or taken together, bears the signature of all Parties. A facsimile or electronic image of the original signature of any party executing this Stipulation and Order shall be deemed an original signature and shall constitute an original as against the party whose signature appears in the facsimile or electronic image.

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney for the
Southern District of New York

BY: /s/ JEFFREY ALBERTS                   8/17/2010
    JEFFREY ALBERTS                       DATE
    Assistant United States Attorney
    300 Quarropas Street, Third Floor
    White Plains, NY 10601
    (914) 993-1965
    *Counsel to Plaintiff United States
    of America*


_____          _____
AHMAD KHAWAJA                            DATE


ALLIED WALLET, INC.


BY: _____      _____
    AHMAD KHAWAJA                        DATE

6

Faxabsender:   851456810           Hotel Sacher           17/08/10   10:13   S.:  4/5

9. This Stipulation and Order may be executed in counterparts, each of which shall constitute an original as against the party whose signature appears on it. All executed counterparts shall be deemed to be one and the same instrument. This Stipulation and Order shall become binding when one or more counterparts, individually or taken together, bears the signature of all Parties. A facsimile or electronic image of the original signature of any party executing this Stipulation and Order shall be deemed an original signature and shall constitute an original as against the party whose signature appears in the facsimile or electronic image.

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney for the
Southern District of New York

BY: JEFFREY ALBERTS                           DATE
Assistant United States Attorney
300 Quarropas Street, Third Floor
White Plains, NY 10601
(914) 993-1965
*Counsel to Plaintiff United States
of America*

_[signature]_
AHMAD KHAWAJA                                 08-17-10
                                              DATE

ALLIED WALLET, INC.
_[signature]_
BY: AHMAD KHAWAJA                             08-17-10
                                              DATE

6

Faxabsender:  051456810            Hotel Sacher            17/08/10  10:13  S.: 5/5

ALLIED SYSTEMS, INC.

BY: AHMAD KHAWAJA                     08-17-10
                                      DATE

APPROVED BY:

JOEL FRIEDMAN                         8/17/10
Freeh, Sporkin & Sullivan, LLP        DATE
1299 Pennsylvania Ave., NW, Suite 316
Washington, DC 20004-2402
Counsel for Allied Wallet, Inc. and Allied Systems, Inc.

RUDY K. DEKERMENJIAN, ESQ.            8/17/10
General Counsel                       DATE
468 North Camden Dr.
Beverly Hills, CA 90210
Counsel for Allied Wallet, Inc. and Allied Systems, Inc.

Robert Shapiro by Rudy D.             8/17/10
ROBERT L. SHAPIRO, ESQ.               DATE
Partner
Glaser, Weil, Fink, Jacobs, Howard & Shapiro, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067
Counsel for Ahmad Khawaja


SO ORDERED:

_____       17 August 2010
UNITED STATES DISTRICT JUDGE          DATE

---

**SO ORDERED.** The Clerk of Court is directed to terminate any pending motions in this action and to close this case.

**SO ORDERED.**

8-17-10                _____
Date                   Victor Marrero, U.S.D.J.

7